Tilghman C. J.
This is an action of debt in the name of Thomas Cooper, president of the Orphan’s Court of Nor~ thumberland county, on a recognisance entered into by Taggart and Murray, by order of the Orphan’s Court. There are two questions; 1. Whether the recognisance is valid in law, so far as concerns Murray ? 2. Whether the judgment be not erroneous, even if the recognisance is valid ?
1. It appears, that an inquisition was held, by order of the Orphan’s Court, for the purpose of appraising and making partition of lands of Thomas Taggart deceased. The inquest made an appraisement, and found that the lands could not be divided without spoiling the whole; whereupon the court, at the request of Robert Taggart, the eldest son of the deceased, awarded the entire real estate to the said Robert, and directed that he, together with a sufficient surety, should enter into a recognisance to the president of the said court, in double the sum of the valuation of the estate, conditioned for the payment of such shares, dividends, purparts, and sums of money, as the court should award and distribute to, and amongst, the heirs and legal representatives of the said. *501 deceased. Afterwards, and immediately following the above entry on the records of the Orphan’s Court, is written as" follows: “ And the said Robert Taggart and William Murray, do jointly and severally acknowledge themselves to “ be held and firmly bound unto Jacob Rush, Esq., president “ of this Court, and his successors, in the sum of 2,377/. 14s. “ 6d., money aforesaid, which sum the said Robert willeth “ and granteth to be levied on the said tract of land and pre- “ mises, upon the condition above-mentioned.” It is objected, that this recognisance should have been taken to the children of the deceased, and not to the president of the court. The act of assembly (19th April, 1794,) directs, that the child to whom the land is assigned, shall pay to the other children, their equal share of the value, “ or give good se< “ curity for the payment thereof, in some reasonable time M not exceeding twelve months, as the said Orphan’s Court “ shall limit and appoint.” It has been understood by the Orphan’s Courts, that they had power to limit and appoint, not only the time of payment, but the manner of taking the recognisance, and of course, the person to whom it is to be given. There is nothing violent in this construction, and as the validity of many recognisances depends upon it, I am for supporting it. The recognisors have no right to complain, for it is immaterial to them, to whom the money is payable; nor are the children of the deceased injured, because an action may be supported in the name of the. president for their use. The president is barely a trustee for the children, for the purpose of taking security; but he is not to receive the money, the condition being that payment shall be' made to the children, or their guardians, if infants. Neither is the president liable for costs in an action brought in his name, because the court will take notice, that the action is for the use of another person, who will be responsible for the costs. , Another objection to the recognisance, on the part of Murray, is, that by the express terms of it, it has no force except against the land of Thomtis- Taggart,- assigned by the court to his son Robert. This is an extraordinary objection. The act of assembly directs, that security shall be given as the court shall order. The court, ordered that Robert Taggart,, together xoith a sujjicient &urety, should enter .'into'.a recognisance,' and then Robert Taggart and' Murray -did .enter into a recognisance^ For what purpose, was Mur *502 ray introduced, if he was not to be bound ? Besides, he is expressly bound for payment of 2,3///. 14s. 6d., and that is sufficienf;, without adding any words about levying on his goods and chattels, lands and tenements. The words in this . . ,, , , , . , ,, recognisance respecting the lands on which the money was to be levied, are confined to the lands assigned by the court to Robert Taggart, and I presume the intention was, that those lands, and no other, should be bound from the date of the recognisance. Whether any other lands were bound, is not now in question. The point is, whether Murray was so bound, that an action may be supported against him, and that he was, I have no doubt.
2. Many exceptions have been taken by the plaintiff in error, and the cause has been argued on both sides, as if judgment had been entered in the Court of Common Pleas. But it does-not appear by the record, that judgment was entered. The court decided upon the issue of nul tiel record, and nothing further was done. In that situation, a writ of error ought not to have issued, because error does not lie until final judgment. I am therefore of opinion, that the writ should be quashed, having been issued improvidently.
Yeates J.
A recognisance is a debt of record, and a deduration on it, only sets out the obligatory part of it, as on an obligation. On oyer prayed, the condition is set out, and the defendant may avail himself thereof by pleading. It will thus appear, who is the party alleged to have been injured by the supposed breach. The want of proferí is cured by the statutes of jeofails, unless in the case of a special demurrer. But here there was no necessity, nor propriety in making aprofert- -The recognisance was a record of the Orphan’s Court, and not in the custody of the party. The defendant below might have taken advantage of the variance between the sums of 2,37//. 14s. 6¿/., in which the recognisance was taken, and 2,277/. 14s. 6d. mentioned in the declaration, either by pleading that variance, or by demurring to the- evidence after oyer had, according to the authorities cited. But I cannot see how this suit can be maintained in the name of Mr. Cooper, as successor of Mr. Rush, in his character of president of the Orphan’s Court, on any legal principle, no law having created the person who filled that office, a body politic or corporate; nor how the final judg *503 ment could be rendered for the penalty of the recognisance, which exceeds the sum contained in the writ and declaration. The precise sums due to the children of the .intestate, on the appraisement of his lands, should have been ascertained, on suggestions of breaches, or on writs of scire facias under the statute 8 William III. c. 11.
The important question on which the opinion of this Court is required by. the parties, is, whether the recognisance taken in the Orphan’s Court was binding on William Murray P On the part of the plaintiffs in error, it has been contended, that it was wholly unauthorised by law. That recognisances may legally be taken in the Orphan’s Court, will not admit of doubt. The 9th section of the old act of 27th March, 1713, gives an appeal to the persons aggrieved with any definitive sentence of the Orphan’s Court to the Supreme Court, upon security given, as is usual in such cases. The uniform practice has been, to give this security by recognisance in the Orphan’s Court. The acts of 23d March, 1764, and of 19th April, 1794, direct, that when the lands of an intestate cannot be divided amongst the children, without prejudice to, or spoiling of the whole, and the same shall be appraised, that the son or daughter taking the same at the appraisement, shall on paying to the other children their equal and proportionable part of the value of the same lands, or giving good security for the payment thereof, in some reasonable time, as the Orphan’s Court shall limit and appoint, hold the same freed and discharged, &c. The act of 1794, makes no other alteration in this particular, than that the time limited shall not exceed twelve months. The lands here were appraised, and William Murray was offered as surety for Robert Taggart, the eldest son, in the penalty of 2,3771. 14s. 6d. conditioned for the payment of the shares of the other children of and in the appraisement, tvhich sum the said Robert willeth atidgranteth, should be levied of the said tract of land and premises upon the condition abovementioned. Murray was unquestionably the . surety of Taggart, and offered-as such to the Orphan’s Court, and it would be a palpable mockery of justice to suppose, that he was accepted in any other light. We are bound to consider him in that point of view, and not as a mere man of straw. What he willed and granted is not expressed. As to him the stipulation is general and unlimited, and ought to have a general operation. The Orphan’s *504 Court, exercised their discretion in the case before them. They might have directed the recognisance to be given to a stranger for the security of the family, and why not to the president of the court? The opinion of M‘Kean, Chief Justice, in Walton v. Willis (1 Dall. 265,) reprobated the’ practice of giving personal security in cases of this nature, and pointed out the propriety of giving recognisances. Hence it was, that a new system was introduced, which was pursued in many counties, to my knowledge. I do not scruple to assert, that a practice thus originating, merits every sanction this court can give it. I feel myself bound to give this recogni-i sanee a liberal construction, according to the true meaning of the tribunal who made the order, and therefore am clearly of opinion, that it was binding on Murray as the surety: At the same time I think, for the reasons I have before given, that the judgment of the Court of Common Pleas should be reversed: if it be considered as entered. Otherwise the writ of error would not lie, and must be quashed.
Bragkenridge J. delivered an opinion to the same effect,, which has been mislaid.
Writ of error quashed.